UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO COLLIER,

      Petitioner,

                               CASE NO. 2:06-CV-10923

v.                              HONORABLE ARTHUR J. TARNOW
                               UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,                HONORABLE R. STEVEN WHALEN
                               UNITED STATES MAGISTRATE JUDGE

      Respondent.

                                           /

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS

Petitioner, Mario Collier, petitioned for habeas corpus relief pursuant to 28 U.S.C. §2254. Petitioner challenges his conviction after a jury trial of first degree murder and possession of a firearm during the commission of a felony. He was sentenced to mandatory life for the murder to be served after the two years for the possession of a firearm during the commission of a felony.

The Respondent filed a response seeking a denial of relief. The court appointed counsel, who filed a brief in support of the petition. An evidentiary hearing was held on the issues raised:

    I.       THE INTRODUCTION OF PETITIONER'S FLIGHT FROM LAW
              ENFORCEMENT WHICH INCLUDED EVIDENCE OF HIS BAD
              CHARACTER, UNDER THE FACTS OF THIS CASE, WAS A DENIAL OF
              DUE PROCESS AND DEPRIVED PETITIONER OF FUNDAMENTAL
              FAIRNESS.

    II.      THE FAILURE OF THE PROSECUTION TO PRODUCE *RES GESTAE*
              WITNESS ALFIN THIBODEAUX AT TRIAL VIOLATED PETITIONER'S
              FOURTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE
              PROCESS AND COMPULSORY PROCESS.

Collier v Lafler
06-10923

III.  PETITIONER'S APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE ON APPEAL THE INEFFECTIVENESS OF PETITIONER'S TRIAL COUNSEL AND TRIAL COUNSEL WAS INEFFECTIVE.

IV.  THERE WAS INSUFFICIENT COMPETENT EVIDENCE FOR FIRST DEGREE MURDER.

Petitioner filed a supplemental brief in support of petition for writ of habeas corpus after the eveidentiary hearing.  The Court finds the issues have been exhausted by Petitioner. However, the Court finds they do not support relief.  Therefore, the Petition is denied for the reasons that follow.

## Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

Collier v Lafler
06-10923

or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

**Discussion**

I.   THE INTRODUCTION OF PETITIONER'S FLIGHT FROM LAW ENFORCEMENT WHICH INCLUDED EVIDENCE OF HIS BAD CHARACTER, UNDER THE FACTS OF THIS CASE, WAS A DENIAL OF DUE PROCESS AND DEPRIVED PETITIONER OF FUNDAMENTAL FAIRNESS.

Petitioner argues the evidence of his flight from arrest several months after the shooting was inadmissible and prejudicial. Under Michigan law evidence of flight is relevant to the state of mind of the accused. People v Compeau, 244 Mich App 595, 598, 625 NW2d 120 (2001). The Michigan Court of Appeals ruled:

> Defendant next asserts that the trial court erred in admitting evidence of his flight from police officers immediately before his arrest and in reading a standard jury instruction regarding flight. We find no error, however, because "[i]t is well established that evidence of flight is admissible to show consciousness of guilt." *People v Compeau*, 244 Mich App 595, 598; 625 NW2d 120 (2001). While defendant complains that the three-month period that elapsed between the shooting and his arrest rendered the evidence of flight too remote to show consciousness of guilt, this Court has observed that the remoteness in time between a charged crime and the occurrence of flight did not affect the admissibility

Collier v Lafler
06-10923

> of the evidence, but was relevant only to the weight of the evidence. *Id*. We therefore conclude that the trial court properly admitted the evidence of defendant's flight and correctly instructed the jury regarding the significance of the evidence, i.e., that the jury may or may not consider it as evidence of guilt. *Id.; People v Henry,* 239 Mich App 140, 151; 607 NW2d 767 (1999).

*People v Collier*, No. 232859, Slip Op. at 2 (Mich Ct. App. June 21, 2002).

The arresting officer gave a lengthy narration of what happened when he attempted to arrest Petitioner. While the description may have been more graphic than necessary to show flight, it was not so prejudicial as to be a basis for habeas relief. In fact, the description of the desperation shown by Petitioner may have been relevant to the severity of the charges. That is, even if he had testified he was fleeing because he was on escape from a halfway house, the severity of his reaction could have been considered to refute his theory that he was only attempting to flee due to his facing the escape charge.

Therefore, the alleged error does not support habeas corpus relief.

II. THE FAILURE OF THE PROSECUTION TO PRODUCE *RES GESTAE* WITNESS ALFIN THIBODEAUX AT TRIAL VIOLATED PETITIONER'S FOURTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND COMPULSORY PROCESS.

The Michigan Court of Appeals found that the efforts of the police and prosecution to find Mr. Thibodeaux, who had told a different version of what had happened were sufficient to satisfy the Michigan requirement that the prosecutor produce all *res geste* witnesses. The Michigan Court of Appeals ruled:

> The missing witness endorsed by the prosecution was Alfin Thibodeaux, who was on the of several people that allegedly

Collier v Lafler
06-10923

harassed defendant's brother and his friends shortly before the shooting. Thibodeaux failed to appear at a voluntary interview several days before his scheduled trial testimony. At the close of the third day of trial, the prosecution informed the court that Thibodeaux had not appeared, and the court issued a bench warrant for his arrest.

At a hearing the next day, December 7, 2000, to determine what measures the prosecution had taken to secure Thibodeaux's presence at trial, a police officer testified that after he obtained the bench warrant on December 6, he went to Thibodeaux's house but did not find Thibodeaux present. The officer left a card and note for Thibodeaux. The officer testified that morning he had checked with Detroit Police Department, area hospitals, and the sheriff's departments and medical examiner's offices for Oakland, Macomb, Wayne and Washtenaw counties to ascertain whether Thibodeaux had been arrested or had died. The officer had last spoken with Thibodeaux five days earlier, on December 2, and Thibodeaux then was aware that because of the subpoena he had received he would have to appear in court on Monday, December 4. When Thibodeaux did not appear on Monday, the officer left several messages on Thibodeaux's voice mail. The officer further stated that he had contacted two friends of Thibodeaux, both of whom witnessed the shooting and testified at trial, and one of whom was a neighbor of Thibodeaux, and asked them to try to contact Thibodeaux.

Defendant argues that the prosecution "waited until [it] had put in almost [its] entire case to raise the subject of the non-produced witness," and that the prosecution should have done more once it realized that Thibodeaux would not attend. Defendant suggests that the prosecution should have sought a bench warrant at the moment Thibodeaux failed to attend the voluntary interview. According to assertions by the prosecution and the officer's testimony, however, Thibodeaux previously had been very cooperative and had not given any indication that he would not appear in court. Thibodeaux previously had appeared in court without incident on three occasions, once at defendant's brother's preliminary examination and once at his trial, and again at defendant's preliminary examination. Even though Thibodeaux failed to appear for his interview before defendant's trial, he had

5

> previously given no indication that he would fail to appear at trial.
> Due diligence does not require the prosecution, at the first hin of a
> witness' recalcitrance, to obtain a bench warrant to secure the
> witness' presence, especially when the witness has up until that
> time cooperated.

*Id.* at 3.

This decision of due diligence is supported by the evidence. Therefore it does not provide a basis for habeas corpus relief.

III. PETITIONER'S APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE ON APPEAL THE INEFFECTIVENESS OF PETITIONER'S TRIAL COUNSEL AND TRIAL COUNSEL WAS INEFFECTIVE.

The issue of ineffective assistance of appellate counsel depends on the validity of the claims related to the ineffective assistance of trial counsel. That is, if there were ineffective assistance of trial counsel, then appellate counsel would have been ineffective for not raising the issue.

Petitioner claims that he was denied the effective assistance of appellate counsel because counsel failed to raise the foregoing issues on direct appeal. The right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Carpenter v. Mohr*, 163 F.3d 938, 946 (6th Cir. 1998). To establish the ineffective assistance of appellate counsel, it must be shown that counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland,* 466 U.S. at 687; *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993). A criminal defendant has no

constitutional right to demand that appellate counsel raise every possible colorable issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751-52)).

Although the Sixth Amendment right to counsel does not require an appellate attorney to raise every non-frivolous issue on appeal, an attorney who has presented strong but unsuccessful claims on appeal may nonetheless deliver a deficient performance and prejudice a defendant by omitting a "dead bang winner" on appeal, *i.e.*, an issue obvious from the trial record which would have resulted in reversal on appeal. *Clemmons v. Delo*, 124 F.3d 944, 954 (8th Cir. 1997); *United States v. Cook*, 45 F.3d 388, 395 (10th Cir.1995); *see also Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir.1995) (failure to raise "dead-bang winner" claim on appeal constitutes ineffective assistance of appellate counsel even though counsel may have raised other strong but ultimately unsuccessful claims); *Matire v. Wainwright*, 811 F.2d 1430, 1438 (11th Cir. 1987) (appellate counsel may be ineffective where the trial error is obvious from the record and "must have leaped out upon even a casual reading of the transcript"). A habeas petitioner may establish ineffective assistance of appellate counsel by showing that counsel ignored a significant and obvious issue while pursuing weaker claims. *Carpenter*, 163 F.3d 938 at 947.

The alleged ineffectiveness of trial counsel were the failure to object to the testimony of the arresting officer concerning flight (Issue I), the failure to object to the absence of the *res gestae* witness (Issue II) and the prosecutorial conduct for cross examining a witness about an

7

Collier v Lafler
06-10923

alleged statement by Cook, which was not supported by any direct evidence as to a prejudicial statement made by the witness.

The first two examples of ineffective assistance of counsel have been discussed in the first two issues. They do not provide a basis for finding ineffective assistance of appellate or trial counsel. They fail to meet either the first or second prong of the Strickland case. *Strickland v Washington*, 466 US 668 (1984).

As to the third argument that there was imporper impeachment questions by the prosecutor, it fails because the trial court gave a limiting instruction and importantly, even if it were error it was not so prejudicial as to require habeas relief.

Therefore, the trial counsel was not ineffective so that the failure to raise these issues on appeal was not ineffective assistance of appellate counsel.

Thus, habeas corpus relief is denied on this ground.

IV.     THERE WAS INSUFFICIENT COMPETENT EVIDENCE FOR FIRST DEGREE MURDER.

The Petitioner claims that there was insufficient evidence to convict him in violation of the Constitution. Jackson v Virginia, 443 US 307, 99 Sct 2781, 61 LEd2d 560 (1979). However, the analysis of Michigan Court of Appeals is correct.

> Defendant first contends that the prosecution presented insufficient evidence to support his conviction of first-degree murder. In determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable

Collier v Lafler
06-10923

doubt.  *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999).

Defendant begins by asserting that the testimonies of two eyewitnesses to the shooting were contradictory, and therefore that neither could be believed.  We observe, however, that any contradiction between the testimonies of the witnesses is irrelevant to this appeal because"[t]his Court should not interfere with the jury's role in determining the weight of the evidence or the credibility of the witnesses."  *People v Elkhoja*, __ Mich App __; __ NW2d __ (Docket No. 224126, issued 5/21/02), slip op. At 14.  The jury's resolution of an evidentiary contradiction in favor of the prosecution does not in and of itself warrant reversal of a defendant's conviction.

Defendant further suggests that insufficient evidence established that he was the person who shot the victim.  Although no one testified to seeing defendant fire the fatal shots, defendant's brother testified that immediately before the shooting defendant was driving a Bonneville.  An eyewitness to the shooting testified that the Bonneville pulled in front of the victim's vehicle and that the driver of the Bonneville approached the victim, asked "what's up, nigger?" then fire the gun at the victim four or five times.  A second eyewitness to the shooting corroborated that the driver of the Bonneville was the person who killed the victim.  While no one person could identify defendant as the person who shot the victim, a rantional factfinder could conclude beyond a reasonable doubt on the basis of the several witnesses' testimonies taken together that defendant shot the victim.  Accordingly, we find sufficient evidence to establish defendant's identity as the gunman who fired the fatal shots.

Defendant also argues that the prosecution presented insufficient evidence of premeditation to support his conviction.  To convict a defendant of first-degree murder, the prosecution must prove that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate.  Premeditation and deliberation require sufficient time to allw the defendant to take a second look.  Premeditation and deliberation may be inferred from the circumstances surrounding the killing, including (1) the prior relationship of the parties, (2) the defndant's

9

Collier v Lafler<br>06-10923

> actions before the killing, (3) the circumstances of the killing itself, and (4) the defendant's conduct after the homicide. *People v Anderson*, 209 Mich App 527, 537; 531 NW2d 780 (1995).
>
> Defendant describes the shooting as "spontaneous" and asserts that there was no evidence of planning. However, evidence elicted at trial supported a rational factfinder's conclusion beyond a reasonable doubt that (1) defendant's brother summoned defendant to the scene of the shooting to confront the individuals harassing defendant's brother and his friends, (2) defendant advised his brother to remain where he was and that defendant would come over, (3) ten to thirty minutes elapsed between his brother's call and defendant's arrival at the scene, and (4) on his arrival at the scene defendant learned who was harassing his brother, cut off the victim's vehicle, pointed a gun at the victim and fired several shots at the victim. This evidence and all reasonable inferences drawn therefrom amply established the elements of first-degree murder.

*Id*. at 1-2 (footnote omitted). The court added: "[t]o the extent that defendant challenges the course of the police investigation into the victim's murder, we note that this issue likewise has no bearing on the sufficiency of the evidence presented at defendant's trial." *Id*. at 1 n.1.

This conclusion by the Michigan Court of Appeals was not an unreasonable application of *Jackson*, *supra*. Therefore habeas relief is not appropriate.

## Conclusion

For the foregoing reasons, IT IS ORDERED that the petition for writ of habeas corpus is DENIED.

S/Arthur J. Tarnow<br>Arthur J. Tarnow<br>United States District Judge

Dated: March 31, 2009

Collier v Lafler
06-10923

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2009, by electronic and/or ordinary mail.

          S/Catherine A. Pickles
          Judicial Secretary