UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO COLLIER,

        Petitioner,

                                                        CASE NO. 06-10923
v.                                                     HONORABLE ARTHUR J. TARNOW

BLAINE LAFLER,

        Respondent.
_____/

### ORDER GRANTING PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY

Petitioner, through counsel, has filed an application for a certificate of appealability concerning the Court's denial of his federal habeas petition. The Court denied Petitioner's habeas claims on their merits.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37; *see also Bell v. Bell*, No. 08-2243 (6th Cir. Jan. 6, 2009)

(granting a certificate of appealability to determine whether a petitioner waived a statutory challenge by entering a valid and unconditional plea and whether the criminal statute is unconstitutionally vague).

Petitioner first asserts that he is entitled to habeas relief because the instroduction of evidence of Petitioner's flight from law enforcement, which included evidence of his bad character, under the facts of this case, was a denial of due process and deprived Petitioner of fundamental fairness.  The resolution of this issue by this Court could be wrong.  Therefore, Petitioner should have this issue reviewed by the Court of Appeals.

Petitioner also asserts that he is entitled to relief because the failure of the prosecution to produce *res gestae* witness Alfin Thibodeaux at trial violated Petitioner's Fifth, Sixth and Fourteenth Amendment Rights to due process and compulsory process.   The resolution of this issue by this Court could be wrong.  Therefore, Petitioner should have this issue reviewed by the Court of Appeals.

Petitioner also asserts that he is entitled to relief because his appellate counsel was ineffective in failing to raise on appeal the ineffectiveness of Petitioner's trial counsel and trial counsel was ineffective.  The resolution of this issue by this Court could be wrong.  Therefore, Petitioner should have this issue reviewed by the Court of Appeals.

Finally, Petitioner asserts that he is entitled to habeas relief because there was insufficient competent evidence to support a conviction for first degree murder.  The resolution of this issue by this Court could be wrong.  Therefore, Petitioner should have this issue reviewed by the Court of Appeals.

Accordingly, Petitioner's application for a certificate of appealability is GRANTED.

**IT IS SO ORDERED.**

                                                       s/Arthur J. Tarnow  
                                                      Arthur J. Tarnow  
                                                      United States District Judge

Dated:  June 26, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 26, 2009, by electronic and/or ordinary mail.

                                                       S/Catherine A. Pickles  
                                                     Judicial Secretary